UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES ALVIN CUMMINGS, JR.**<br>    **LA. DOC #397892**<br>**VS.** | **CIVIL ACTIN NO. 5:12-cv-2691**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **LONNIE NAIL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Charles Alvin Cummings, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 15, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the David Wade Corrections Center (DWCC), Homer, Louisiana and he claims that he was wrongly prosecuted and convicted of a disciplinary rules violation resulting in the loss of 12 weeks yard and recreation privileges and 10 days of disciplinary detention all in violation of his rights to Due Process as guaranteed by the Fourteenth Amendment. He sued DWCC personnel Lonnie Nail, Jamie Fussell, and Angie Huff, and LDOC Secretary James LeBlanc praying for declaratory judgment, expungement, and compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On March 2, 2012, plaintiff, an LDOC inmate, was incarcerated at the Elayn Hunt

Correctional Center. On that date he was charged with the disciplinary rules violation of Aggravated Fighting. He was not provided with a written copy of the report, the rule number of the alleged violation, or given verbal notice of the alleged offense. At the time the charges were filed, plaintiff was on suicide watch. He was taken off suicide watch on March 3, 2012, and on March 5, 2012, was transferred to DWCC, his present place of confinement.

On March 20, 2012, a disciplinary hearing was conducted at DWCC. According to plaintiff the hearing was held 18 days after the incident in violation of prison rules and procedures. The hearing was conducted by Col. Nail and Jamie Fussell. Plaintiff was represented by inmate counsel and he advised Nail and Fussell that he had yet to receive proper notice of the alleged violation. Nail informed plaintiff of the nature of the charges but plaintiff refused to sign the report. Plaintiff requested a 24 hour continuance which was denied. He was able to briefly discuss the allegations with his inmate counsel and upon recommencement of the proceedings he pled not guilty and moved for dismissal based on the violation of prison rules relative to disciplinary proceedings. Plaintiff's motion was denied and thereafter he was found guilty as charged by Nail and Fussell. Plaintiff was sentenced to 12 weeks loss of yard recreation, 10 days disciplinary detention isolation and ordered to pay restitution of $10. (Plaintiff claims that he was required to remain in his cell for 23 hours and 50 minutes per day for 12 weeks and was only permitted to leave for 10 minutes a day for his shower. However, this is not the sentence imposed following the disciplinary hearing. See Doc. 1-1, pp. 2-4.) Plaintiff claims that he suffered physical, emotional and mental injury as a result. Plaintiff was required to sleep on an iron bed frame without a mattress, sheets or blanket and suffered cramps, back pain, loss of sleep and neck pain. Plaintiff's appeals were denied by Warden Huff and Secretary LeBlanc.

Plaintiff claims that Nail and Fussell violated his due process rights by failing to abide by the disciplinary rules and afford a prompt hearing, notice and at least 24 hours within which to prepare a defense; he claims that Huff and LeBlanc likewise violated his due process rights by rejecting his appeals. He also claims that the defendants were deliberately indifferent to the conditions of confinement that plaintiff was exposed to following the disciplinary hearing adjudication.

### *Law and Analysis*

***1. Screening***

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Liberty Interest*

Plaintiff complains that his due process rights were violated by the defendants when they failed to abide by the prison's rules for disciplinary hearings. By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nevertheless, plaintiff implies that his due process rights were violated when prison officials deprived him of 12 weeks outdoor recreation and confined him to administrative segregation for 10 days following the disciplinary hearing conducted on March 20, 2012. This allegation, taken as true for the purposes of this Report, fails to state a claim for which relief might be granted pursuant to 42 U.S.C. §1983 because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process

rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam). Therein the court stated " 'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.' " *Id.* at 580 (quotation omitted).

In other words, when a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff's claims regarding his confinement in lock down and his loss of yard and recreation privileges are not "atypical" and thus his due process complaints fail to state a claim for which relief might be granted.

### 3. *Conditions of Confinement*

Plaintiff also complains about the conditions of confinement he was exposed to following the disciplinary hearing conviction. Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "<u>so serious as to deprive prisoners of the minimal measure of life's necessities,</u>" as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with <u>deliberate indifference to the prisoner's conditions of confinement</u>. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

Plaintiff was clearly inconvenienced during his confinement in administrative segregation and during the time he was not permitted outdoor recreation. However, this inconvenience did not amount to cruel and unusual punishment.

The harm that resulted from plaintiff's confinement – "cramps, back pain, loss of sleep and a crook in his neck..." – were *de minimis* at worst. To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities... '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). Thus, in order to prevail on such a claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N .D.Tex.1997). Plaintiff has alleged no more than discomfort and inconvenience and with respect to his conditions of confinement claim, that alone is insufficient to state a claim for which relief may be granted.

### *Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996);** *superceded by statute on other grounds***, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).** I

In Chambers, Monroe, Louisiana, January 29, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE